WILLIAM R. SMITH *vs.* BRACKETT JEWELL.

A joint and several bond to dissolve an attachment of personal property was conditioned to deliver up the property, " within thirty days of the time of rendition of judgment in the action, free from expense to the plaintiff, and on demand, after the rendition of judgment; " and declared it to be the understanding that the surety on the bond " does not hereby waive any of his rights by virtue of a mortgage " of the property from the principal, and " is not to claim payment for said mortgage before the judgment is rendered in the above action." *Held*, that the obligors were not required to deliver the property in thirty days after judgment, without a demand, and that the obligee, in order to support an action on the bond, must prove a demand upon one of them and his refusal; and if the mortgage was valid, must also prove an offer to pay the mortgage debt.

ACTION OF CONTRACT on a joint and several bond executed by Robert Jewell, Jr. as principal, and the defendant as surety, reciting the attachment at the plaintiff's suit of certain personal property of Robert, and Robert's desire to retain possession of the property, and with this condition : " Now therefore, if the above bounden Robert Jewell, Jr. and Brackett Jewell shall deliver up to the said plaintiff or his assigns the above described property, within thirty days of the time of rendition of judgment in the above named action, free from expense to the said plaintiff, and on demand, after the rendition of judgment, then the above written obligation to be void ; otherwise, in full force and virtue. It is the understanding, on the part of the above named Brackett Jewell, that he does not, by this instrument, waive any of his rights by virtue of a mortgage which he has on the above described property," (which mortgage was executed by Robert, and was described in the bond) " and it is the understanding that said Brackett Jewell is not to claim payment for said mortgage before the judgment is rendered in the above action."

At the trial in the superior court of Suffolk, at May term 1858, the defences relied on were, that no demand had been made on the defendant before the commencement of the action; and that the defendant was the owner of the property under the mortgage mentioned in the bond.

*Morton*, J., against the plaintiff's objections, admitted in evidence the mortgage, and the note which it was given to secure; and instructed the jury "that the plaintiff, to maintain his action, must prove a demand upon the obligors in the bond, previous to the commencement of the suit; that a demand upon one of the joint and several obligors would be in effect a demand upon both; and that the plaintiff must also prove a refusal to deliver by the obligors, or one of them, upon such demand;" and refused to instruct the jury "that a failure to deliver it within thirty days after the rendition of the judgment mentioned in the bond was a breach of the condition of the bond;" and also instructed the jury "that, if they found the mortgage to be a valid one, and that the defendant was thereunder in possession of the property at the time of the attachment thereof referred to in said bond, his refusal to deliver the said property upon a demand would not be a breach of the condition of the bond."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*A. A. Abbott*, for the plaintiff. 1. By the condition of the bond, the obligation was absolute to deliver up to the plaintiff the property attached within thirty days after judgment; and a demand was required only if the plaintiff would have the property within the thirty days.

2. The judge erred in ruling that the defendant was bound to prove a refusal. If a demand was necessary, and was made, a neglect or omission to deliver rendered the defendant liable.

*T. P. Proctor*, for the defendant, cited *Griswold* v. *Plumb*, 1 Mass. 298; *Baker* v. *Fuller*, 21 Pick. 318; *Hogins* v. *Arnold*, 15 Pick. 259; *Bond* v. *Cutter*, 10 Mass. 419; *Gage* v. *Gannett*, 11 Mass. 217.

SHAW, C. J. Debt on a joint and several bond given by Robert Jewell, Jr., as principal, and Brackett Jewell, as surety. The condition of the bond recites the attachment of certain personal property, at the suit of the obligee, as the property of Robert Jewell, Jr., and is conditioned to redeliver the property to the obligee within thirty days after judgment in that suit;

with a further provision that Brackett Jewell does not thereby waive any of his rights as mortgagee on the same property by an anterior mortgage from Robert to secure a note for $100 and interest. This last provision was assented to by the obligee, by his acceptance of the bond with this provision inserted.

The first object seems to be, to ascertain the true meaning and intent of the parties in this contract. Some aid can be obtained by considering the relations in which the parties stood, as manifested by the recitals and provisions of the bond. The property in question was not the property of the plaintiff; the attachment of it as the property of Robert was repugnant to a claim of title in himself. It was not the general property of Brackett Jewell; for he held a mortgage upon it as collateral security for an unpaid note. It is manifest therefore that the general property was in Robert. Again, as the whole object of this arrangement was to restore the possession of the property to the debtor, as before it was attached, it necessarily dissolved the attachment. The only interest therefore, that the plaintiff had in the redelivery of the property to him, was contingent on getting judgment against the debtor, that it might be applied by an officer, to satisfy his judgment. Such, therefore, is the legal effect of the condition, so that if the plaintiff should not recover a judgment in his suit against Robert, there could be no breach. Then as the fact of the recovery of judgment by the obligee against Robert Jewell, and especially the time of such recovery, would be known to the plaintiff, and perhaps to the defendant, yet Brackett was a stranger to it, and therefore not presumed to know it. The fact of the rendition of judgment in favor of the obligee, and the time of such rendition must therefore be notified to the defendant, Brackett Jewell, in order to charge him with a breach. *Baker* v. *Fuller*, 21 Pick. 318.

The goods having already gone into the hands of the debtor, as whose property they were attached, the plaintiff had no occasion to have the goods returned, except to satisfy his own judgment. He was not in the condition of an attaching officer, who has delivered goods to a third party, for safe keeping, on a bond to redeliver them. In such case, the officer is responsible for the

goods at all events; to the creditor on his attachment, if he gets judgment and has execution; otherwise, to the original debtor. Here no claim could exist in behalf of the debtor; for he has already received his goods.

2. Another direction of the court requires consideration. The court instructed the jury that if they found the mortgage — the mortgage of the same goods by Robert to Brackett — to be a valid one — valid as against creditors — and the defendant was in possession under it at the time of the attachment, his refusal to deliver up the property on demand would not be a breach of the condition of the bond. This at first seemed more questionable, but on examination we are of opinion that it was quite correct.

When the plaintiff attached the property as the property of Robert he found it mortgaged *de facto* to Brackett. He had one of two courses to pursue : he might admit the validity of the prior mortgage, and on notice of the amount pay the mortgagee, and then hold the property, both for the sum thus paid and for such debt as he should get judgment for. If he did not do that at that stage, his only other alternative was to contest the validity of the mortgage as against creditors altogether, to show it void as to them, and so hold the whole of the property for the satisfaction of his own execution. By failing to tender payment of the mortgagee's claim, when notified to him, he had lost the opportunity of thus paying the mortgagee's debt, so as to avail himself of the surplus value of the property over the mortgage debt, if any, for the satisfaction of his own. The only beneficial use that the obligee could have made of the chattels, if redelivered to him, was to place them in the hands of an officer having his execution, to be applied in satisfaction of his judgment, and this he could only lawfully do by showing that the mortgage was utterly void against him and other creditors of Robert. This provision in the bond made this question of the validity of that mortgage a question in issue in this suit and the court rightly instructed the jury that, if they found the mortgage to Brackett, the sole defendant in this suit, valid, the defendant would not be bound to deliver up the goods, even on demand.

This construction of the bond gives to the obligee the same rights as attaching creditor, that he would have had if the property had remained in the custody of the attaching officer and no bond been given. The plaintiff could have no benefit from his attachment without recovering a judgment against his debtor; nor could he hold against the prior title of the mortgagee, without showing the mortgage of Robert to Brackett fraudulent against creditors and void. Such proof might have been made perhaps in a little different form, as in a suit by the mortgagee against the officer; but it must be shown in some way, and the burden of proof would have been on the attaching creditor to prove such fraud.                    *Exceptions overruled.*